# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **CAROLINE BENDIXEN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** 3:17-CV-181-DJH |
| ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant Midland Credit Management ("Midland" or "Defendant"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, gives notice of the removal of this action from the Circuit Court in Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division. As grounds in support of this removal, Midland states as follows:

### I. INTRODUCTION

1. Plaintiff Caroline Bendixen ("Plaintiff") commenced this action by filing a Complaint against Midland in Circuit Court in Jefferson County, Kentucky, Case No. 17-CI-001135 on or about March 2, 2017.

2. Plaintiff's Complaint against Midland alleges improper collection of a debt. *See* Compl. ¶¶ 10–19.

29392506 v1

3. Based on these allegations, Plaintiff attempts to assert a federal claim against Midland under the Fair Debt Collection Practices Act ("FDCPA") and a state-law claim for intentional or negligent infliction of emotional distress. *See* Compl.

## II. FEDERAL QUESTION JURISDICTION

4. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff is asserting a claim against Midland based upon alleged violation of the FDCPA, which is a federal consumer protection statute. *See* Compl.; *see also* 15 U.S.C. §§ 1692, et seq. Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

## III. SUPPLEMENTAL JURISDICTION

7. This Court should also exercise supplemental jurisdiction over Plaintiff's state-law intentional or negligent infliction of emotional distress claim because this claim forms part of the same case or controversy as Plaintiff's FDCPA claim.

8. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

9. Plaintiff's state-law intentional or negligent infliction of emotional distress claim is related to the same alleged activity that forms the basis for Plaintiff's FDCPA claim, i.e., improper collection of a debt. *See* Compl.; *see also* 28 U.S.C. § 1367.

10. Midland expressly consents to this Court's jurisdiction over Plaintiff's state-law intentional or negligent infliction of emotional distress claim, as well as any other state-law claim arising out of the Plaintiff's complaint that forms a part of the same case or controversy.

11. Accordingly, this state-law claim is related to Plaintiff's federal question claim, and thereby forms a part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## IV. ADOPTION AND RESERVATION OF DEFENSES

12. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Midland's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. PROCEDURAL REQUIREMENTS

13. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Midland to date in this case.

15. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Midland was served with process on March 7, 2017.

16. Midland has heretofore sought no similar relief.

17. The United States District Court for the Western District of Kentucky, Louisville Division, is the court and division embracing the place where this action is pending in state court.

18. Contemporaneously with the filing of this notice of removal, Midland has filed a copy of same with the clerk of the Circuit Court in Jefferson County, Kentucky and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

19. Midland reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Midland prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court in Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted this 24th day of March, 2017.

/s/ Reid S. Manley
Reid S. Manley
Kentucky Bar No. 90360
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 24th day of March, 2017:

Zachary L. Taylor
Taylor Couch PLLC
2815 Taylorsville Road, Suite 101
Louisville, KY 40205


/s/ Reid Manley
OF COUNSEL