17-CI-1135





EXHIBIT A

Filed        17-CI-001135    03/02/2017        David L. Nicholson, Jefferson Circuit Clerk

CASE NO. _____      JEFFERSON CIRCUIT COURT
                                           DIVISION_____
                                           JUDGE _____

CAROLINE BENDIXEN                           PLAINTIFF

v.

MIDLAND CREDIT MANAGEMENT, INC.          DEFENDANT
3111 Camino Del Rio North, Suite 103
San Diego, CA 92108

    SERVE:
    Corporation Service Company
    2900 SW Wanamaker Drive, Suite 204
    Topeka, KS 66614

## COMPLAINT

The Plaintiff, Caroline Bendixen, for her Complaint against Defendant, Midland Credit Management, Inc., by counsel, states as follows:

### INTRODUCTION

1.   This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA***"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000001 of 000007

Filed        17-CI-001135    03/02/2017        David L. Nicholson, Jefferson Circuit Clerk

Filed          17-CI-001135   03/02/2017         David L. Nicholson, Jefferson Circuit Clerk

## JURISDICTION AND VENUE

2. Plaintiff Caroline Bendixen ("*Plaintiff*" or "*Ms. Bendixen*") is a resident of Louisville, Jefferson County, Kentucky.

3. Plaintiff is a "*consumer*" as that term is defined in the FDCPA with respect to the matters referred to herein.

4. Defendant Midland Credit Management, Inc., is a Kansas corporation with an office in San Diego, California.

5. At all pertinent times herein, in this judicial district, Defendant regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

6. Defendant is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters cited herein.

7. This Court has jurisdiction pursuant to Ky. Const. § 112(5) and KRS 23A.010(1).

8. Venue is proper in this Court because the Defendant transacts business in this county, Plaintiff is a resident of this county, and the conduct complained of occurred here.

9. Plaintiff seeks damages in excess of the minimum damages necessary to confer jurisdiction in this Court.

## FACTS

10. Or about March 2, 2016, Defendant sent a letter to Plaintiff via the mails wherein Defendant sought to collect a debt on behalf of GE Capital Retail Bank, in the amount of $451.51.

Filed          17-CI-001135   03/02/2017      2    David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000002 of 000007

Filed          17-CI-001          03/02/2017          David L. Nichols          Jefferson Circuit Clerk

11. In the March 2, 2016 letter, and subsequent letters, Defendant advised that the original creditor of the debt was GE Capital Retail Bank.

12. In the March 2, 2016 letter, and in subsequent letters, Defendant advised that Plaintiff had been "pre-approved for a discount program" and offered alternative discounts to resolve the debt.

13. In the March 2, 2016 letter, and in subsequent letters, Defendant advised that if Plaintiff paid less than the full balance, it would "report [the] account as **Paid in Full for less than the full balance.**"

14. In or around November 14, 2016, and thereafter, Defendant reported information about the debt to one or more credit reporting agencies, including that the original creditor was GE Capital Retail Bank, that the amount owed on the debt was $452, that the debt was opened on July 30, 2014, and that the debt was in collections.

15. Defendant's representations regarding the debt were materially false, deceptive, or misleading.

16. Defendant sought to collect amounts from Plaintiff that were not authorized by the agreement creating the debt or permitted by law, including unlawful interest, late charges, and other fees.

17. In using "Credit Management" in its business name, Defendant falsely implied that it was a consumer reporting agency.

18. On the outside of the envelopes used to mail the letters to Plaintiff, Defendant included a QR code that contained information about the debt.

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000003 of 000007

19. As a result of the Defendant's conduct, as herein alleged, Plaintiff has been damaged and has suffered confusion, emotional distress, mental anguish, stress, anxiety, damages to her credit rating, credit denials, and loss of reputation, entitling her to pursue a private cause of action against Defendant for actual and statutory damages, plus attorney's fees and costs.

## COUNT I
## VIOLATION OF THE FDCPA

20. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

21. Defendant's representations to Plaintiff were materially false, deceptive, and/or misleading, in violation of 15 U.S.C. § 1692e.

22. In its letters, Defendant failed to adequately disclose that it was a debt collector attempting to collect a debt, in violation of 15 U.S.C. § 1692e(11).

23. Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia*, seeking to collect amounts that were not authorized by agreement or permitted by law. 15 U.S.C. § 1692f(1).

24. In connection with the collection of the debt, Defendant used language and symbols, other than the Defendant's address, on the envelope when communicating with the Plaintiff by use of the mails, in violation of 15 U.S.C. § 1692f(8).

25. In its letters, Defendant falsely implied that it was a consumer reporting agency, in violation of 15 U.S.C. § 1692e(16).

26. In its letters, Defendant communicated or threatened to communicate credit information to others that it knew or should have known was false, in violation of 15 U.S.C. § 1692e(8).

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000004 of 000007

27. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

28. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

29. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

30. Defendant's conduct as herein alleged was intentional, reckless, or negligent.

31. Defendant's conduct was so outrageous and intolerable so as to offend generally accepted standards of morality and decency.

32. Defendant's conduct as herein alleged was a cause of Plaintiff's emotional distress.

33. Plaintiff's emotional distress was severe.

34. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

35. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Caroline Bendixen, by counsel, demands relief against the Defendant, Midland Credit Management, Inc., as follows:

A. Entry of a Judgment against Defendant to compensate Plaintiff for his actual damages sustained as set forth in above Counts.

B. Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C. Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E. Entry of an order temporarily and permanently enjoining Defendant from future, similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the subject debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

F. An award of attorneys' fees and costs herein incurred.

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)

COM : 000006 of 000007

  G. Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

              Respectfully submitted,

              TAYLOR COUCH PLLC

              */s/ Zachary L. Taylor*
              ZACHARY L. TAYLOR
              2815 Taylorsville Road, Suite 101
              Louisville, Kentucky 40205
              Phone | Fax: (502) 625-5000
              ztaylor@taylorcouchlaw.com

              *Counsel for Plaintiff*

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **17-CI-001135**<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |
|---|---|---|

*Plantiff,* **BENDIXEN, CAROLINE VS. MIDLAND CREDIT MANAGEMENT, INC.**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
     **2900 SW WANAMAKER DR. SUITE 204**
     **TOPEKA, KS 66614**

The Commonwealth of Kentucky to Defendant:
**MIDLAND CREDIT MANAGEMENT, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **03/02/2017**



Proof of Service

(or other initiating document)

Date: _____, 20 ____

Served By

Title

Summons ID: @00000815250,
CIRCUIT: 17-CI-001135 Certified Mail
BENDIXEN, CAROLINE VS. MIDLAND CREDIT MANAGEMENT, INC.

Page 1 of 1

**eFiled**

Presiding Judge: HON. JUDITH MCDONALD BURKMAN (630153)